# ORIGINAL

**FILED**
DISTRICT COURT OF GUAM



*i f* JUL 09 2010

JEANNE G. QUINATA
CLERK OF COURT

1 Joseph H. Valenzuela
P.O. Box 3236
2 Hagåtña, Guam 96932

3 Pro se

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

6 JOSEPH H. VALENZUELA,                    Civil Proceedings
                                          Case No. _____ **10 - 0 0 0 1 7**
7                      Plaintiff,

8              vs.

9 JOSE B. PALACIOS, Director of            CIVIL COMPLAINT
Guam Department of Corrections;
10 DR. YOUNG CHANG, Physician of
Guam Department of Corrections;

11

                     Defendants.
12 _____/

13          This is a § 1983 civil action filed by Joseph H. Valenzuela ("Plaintiff"), an inmate at the

14 Guam Department of Corrections ("DOC"), appearing pro se, alleging violations of his

15 Constitutional rights to due process and against the infliction of cruel and unusual punishment, as

16 well as rights established by statute, executive order, and administrative regulations. Plaintiff is

17 seeking a declaratory judgment and injunctive relief from named defendants in their official

18 capacities. The plaintiff requests a trial by jury.

### JURISDICTION

20 1.      This is a civil rights action under 42 U.S.C. §1983. This Court has jurisdiction under 28

21 U.S.C. §1343. Plaintiff also invokes the pendent jurisdiction of this Court.

### PARTIES

23 2.      Plaintiff, Joseph H. Valenzuela, is, and at all relevant time was, a citizen of the United States

24 and a resident of Guam, incarcerated at the Adult Correctional Facility of Guam Department of

25 Corrections ("D.O.C." or, the "Department") in Mangilao, Guam.

26 3.      Defendant, Jose B. Palacios is the appointed Director of the Department of Corrections in

27 Mangilao, Guam, who is sued in his official capacity. Plaintiff is informed and therefore believes

28 that Defendant Palacios is a citizen of the United States and a resident of Guam.

4.     Defendant, Dr. Young Chang is the in house physician of the Department of Corrections in Mangilao, Guam, who is sued in his official capacity. Plaintiff is informed and therefore believes that defendant Dr. Chang is a citizen of the United States and a resident of Guam.

**FACTUAL BACKGROUND**

5.     Prior to plaintiff's incarceration, he was suffering from severe back pain. He went to see his personal physician Dr. C. Perez, who after a thorough examination, X-rays, and an MRI, diagnosed plaintiff as suffering from a herniated slipped disc. To alleviate the pain that plaintiff was experiencing, Dr. Perez prescribed plaintiff with pain medications such as morphine sulfate, Dilaudids or Percocet, which are controlled substances. This medication was taken by plaintiff until his incarceration.

6.     When plaintiff was arrested and became a pre-trial detainee, he was no longer provided with his prescription. When he inquired with detention staff about getting his medication, he was ignored.

7.     After plaintiff's incarceration, he was seen at the infirmary many times by defendant Dr. Chang where he asked defendant Dr. Chang for relief for his chronic back pain. Without conducting any examination or tests, defendant Dr. Chang would only prescribe plaintiff with Motrin which was not strong enough to alleviate the pain that plaintiff was experiencing.

8.     Plaintiff continued to seek relief for his pain during one meeting with defendant Dr. Chang who told him he "needed to lose weight."

9.     When plaintiff further sought relief during another meeting, defendant Dr. Chang with deliberate indifference to plaintiff's pain, informed plaintiff that he "needed to suffer a little sometimes."

10.     When no relief was forthcoming from defendant Dr. Chang, who performed no diagnosis other than to ask plaintiff where he was hurting, plaintiff requested to see another doctor for a second opinion. This request was subsequently ignored.

11.     Plaintiff resorted to placing the financial burden on his family in order for him to be seen by his primary physician Dr. Perez. The cost of the visit was about three hundred dollars ($300.00).

1    12.    On 10 June 2008 plaintiff was taken to the Doctor's Clinic to see Dr. Perez. Dr. Perez, based

2    on his professional assessment of plaintiff's condition, prescribed him with Percocet for his pain.

3    According to Dr. Perez, whatever medication is prescribed to plaintiff must be provided by D.O.C.

4    13.    The following day on 11 June 2008 plaintiff was called to D.O.C.'s infirmary unit for sick

5    call regarding his slipped disc. At the infirmary, plaintiff was seen by Defendant Dr. Young Chang

6    who informed plaintiff that he would not be filling the prescription for Percocet due to the fact that

7    it is a narcotic drug. Defendant Dr. Chang also stated that the Attorney General of Guam ordered

8    that narcotic drugs cannot be given to inmates.

9    14.    Defendant Dr. Chang's statements regarding narcotic medications contradict the practice of

10   D.O.C. Inmate's suffering from cancer are given morphine sulfate for their pain, for example, the

11   now deceased inmate named Campbell.

12   15.    Contrary to defendant Dr. Chang's statements, Executive Order § 13.7(A) states,

13   "[m]edications prescribed by a physician shall be administered, in the manner prescribed, ...." Also,

14   E.O. § 13.7(B) holds that, "[m]edications which could be abused, mishandled, or otherwise

15   subverted by inmate patients, shall be administered by medically trained personnel in a central

16   operational unit location."

17   16.    After receiving the false information from defendant Dr. Chang, plaintiff sent an

18   Administrative Remedy Request (First Remedy Request) to defendant Dr. Chang on 13 June 2008.

19   In his First Remedy Request plaintiff cited E.O. 94-19 §§ 13.7(A) and (B) in requesting his relief for

20   his severe back pain. (A true and correct copy of plaintiff's Administrative Remedy Request to

21   defendant Dr. Chang is attached and incorporated as Exhibit "A.")

22   17.    When plaintiff did not receive a response from defendant Dr. Chang within the required ten

23   (10) days, he filed an Administrative Remedy Request (Second Remedy Request) to D.O.C.'s

24   Warden, Major Francisco B. Crisostomo on 24 June 2008. Again, plaintiff cited the same sections

25   of E.O. 94-19 and requested for relief. (A true and correct copy of plaintiff's Administrative

26   Remedy Request to the Warden, Major F.B. Crisostomo is attached and incorporated as Exhibit

27

28

1 "B.")

2 18. The following day on 25 June 2008, plaintiff was summoned to the Warden's office and there
3 he met with Major Crisostomo who also summoned defendant Dr. Chang. Major Crisostomo
4 warned defendant Dr. Chang that not providing plaintiff with the prescribed medication could lead
5 to a lawsuit. Defendant Dr. Chang stated that he understood and then informed plaintiff and Major
6 Crisostomo that he would write a letter to Dr. Perez requesting that he change the prescription from
7 Percocet to Motrin. Defendant Dr. Chang also stated that he would personally purchase a back brace
8 for plaintiff's use.

9 19. Plaintiff never received the promised back brace from defendant Dr. Chang and the Motrin
10 that he was provided did nothing to alleviate his pain. Plaintiff is unaware if defendant Dr. Chang
11 ever wrote a letter to Dr. Perez concerning the prescription.

12 20. On 7 July 2008 plaintiff submitted a Grievance Complaint Form through the chain of
13 command up to defendant Director of Corrections Jose B. Palacios regarding his medical condition
14 and the department's failure to provide him with the medication prescribed by Dr. Perez. (A true
15 and correct copy of plaintiff's Grievance Complaint Form is attached and incorporated as Exhibit
16 "C.")

17 21. Plaintiff did not receive a response to the Grievance Complaint so he filed a Remedy Request
18 sometime in August 2009 to defendant Palacios with copies of all his requests and the grievance
19 attached. Plaintiff did not get a response to that Remedy Request.

20 22. Plaintiff is suffering from an acute physical condition and is in urgent need of medical care
21 that the defendants have failed to provide. As a result, plaintiff suffers from pain and discomfort due
22 to his medical condition.

23 23. The defendants, with deliberate indifference, have failed in their duties, based on their acts
24 and omissions, to provide plaintiff with adequate medical treatment, to the detriment of plaintiff.

25

26

27

28

24. Executive Order 94-19[1] §3.2 clearly states that plaintiff does "HAVE THE RIGHT to medical ... treatment...." (emphasis in original) and in §13.1, "[t]he Department of Corrections **shall provide** reasonable medical ... treatment for inmates...." (emphasis added). The treatment plaintiff requires is not being provided by the department and the reason, to his information and belief, is that the department does not want to accept responsibility for the expense entailed in providing plaintiff with the necessary treatment. Plaintiff is informed and therefore believes, that such failure is a result of acts and omissions undertaken by the defendants. Plaintiff is informed and therefore believes that the defendants, in their official capacities, were and are aware that plaintiff is suffering from his medical condition and is in immediate need of proper treatment.

25. Plaintiff is informed and therefore believes that defendant Palacios, in his capacity as the Director of Corrections has a duty to ensure that plaintiff is provided with adequate medical treatment, in accordance with the provisions of applicable law and plaintiff's Constitutional rights.

26. Plaintiff is informed and therefore believes that, being the Director of Corrections, defendant Palacios is fully aware of his duties to plaintiff, including those based on the provisions of E.O. 94-19 §§ 3.2 & 13.1, as well as constitutional law. Accordingly, defendant Palacios's violation of E.O. 94-19 and plaintiff's right to be free from cruel and unusual punishment, was knowingly or, alternatively, recklessly and in conscious disregard of his duty to plaintiff, in ensuring that he is provided with adequate medical treatment.

27. The Department of Corrections is allocated funds in its fiscal budget specifically for the payment of medical expenses of those who are held by it in custody. Currently, D.O.C. is in debt to numerous medical facilities and businesses as a result of mismanagement of funds. The failure of the Department to pay medical bills is a result of prioritizing by the department, which constitutes additional evidence of deliberate indifference since the funding for medical treatment is provided.

28. The defendants' failures, as enumerated above, worked to deprive plaintiff of medical

---

[1]Executive Order 94-19, entitled, "Rules and Regulations for the Administration of Correctional Institutions and Other Places of Confinement," is the primary regulatory body which governs conduct at DOC.

treatment, in violation of plaintiff's substantive due process rights and his right to be free from cruel and unusual punishment.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

29.    Defendant Palacios, with deliberate indifference, has violated plaintiff's Constitutional Eighth Amendment right, by failing to provide plaintiff with needed medical treatment which it is defendant Palacios's duty to provide.

## SECOND CAUSE OF ACTION

30.    Defendant Palacios, with deliberate indifference, has violated plaintiff's right to substantive due process, which is accorded Plaintiff by the Fourteenth Amendment of the Constitution, by not providing plaintiff with medical treatment which it is his duty to provide.

## THIRD CAUSE OF ACTION

31.    Defendant Palacios, with deliberate indifference to plaintiff's acute physical conditions, failed to provide plaintiff with medical treatment which plaintiff is entitled to, pursuant to E.O. 94-19 § 3.2.

## FOURTH CAUSE OF ACTION

32.    Defendant Palacios, failed to provide plaintiff with medical treatment which plaintiff is entitled to, pursuant to E.O. 94-19 § 13.1.

## FIFTH CAUSE OF ACTION

33.    Defendant Dr. Chang, with obvious deliberate indifference, has violated plaintiff's Constitutional Eighth Amendment right, by failing to provide plaintiff with needed medical treatment which it is defendant Palacios's duty to provide.

## SIXTH CAUSE OF ACTION

34.    Defendant Dr. Chang,, with obvious deliberate indifference, has violated plaintiff's right to substantive due process, which is accorded Plaintiff by the Fourteenth Amendment of the Constitution, by not providing plaintiff with medical treatment which it is his duty to provide.

## SEVENTH CAUSE OF ACTION

35.     Defendant Dr. Chang,, with obvious deliberate indifference to plaintiff's acute physical conditions, failed to provide plaintiff with medical treatment which plaintiff is entitled to, pursuant to E.O. 94-19 § 3.2.

## EIGHTH CAUSE OF ACTION

36.     Defendant Dr. Chang,, failed to provide plaintiff with medical treatment which plaintiff is entitled to, pursuant to E.O. 94-19 § 13.1.

## RELIEF

WHEREFORE, Plaintiff requests this Honorable Court grant the following relief:

A.     Issue a declaratory judgment that the defendants violated the United States Constitution and Guam law when:

1)     Defendants, with deliberate indifference and callous disregard, failed to provide plaintiff with medical treatment violating plaintiff's Eighth Amendment Constitutional right to be free from cruel and unusual punishment;

2)     Defendants, with deliberate indifference and callous disregard, failed to provide plaintiff with medical treatment violating plaintiff's Fourteenth Amendment Constitutional right to substantive due process;

3)     Defendants, with deliberate indifference and callous disregard, failed to provide plaintiff with medical treatment violating the provisions of Guam Executive Order. 94-19 regarding entitlement to medical treatment of individuals held in his custody;

B.     Issue injunctive relief, first preliminary and then permanent, ordering that defendants:

1)     Promptly and without delay, provide plaintiff with the medical treatment that he currently needs to remedy his current medical condition;

2)     Ensure that plaintiff is provided with all the medical treatment he is entitled to by law while he is committed to and confined at the Guam Department of Corrections;

3)     Refrain from violating plaintiff's constitutional rights in the future and comply with

the laws of Guam as well as the regulations and policies of the Guam Department of Corrections.

C.  Grant such other relief in law or equity as it may appear plaintiff is entitled.

Respectfully submitted,

Joseph H. Valenzuela

Page 8 of 9

## **VERIFICATION**

I, Joseph H. Valenzuela, appearing pro se, am the plaintiff in the above entitled action. I have read the foregoing complaint. The facts stated therein are within my knowledge and are true and correct, except those matters stated on information and belief, and, as to those, I believe them to be true and correct.

All attached Exhibits "A" through "C" are true and correct copies of their originals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated on this _27_ day of _APRIAL_ 2010.

Joseph H. Valenzuela
Department of Corrections
P.O. Box 3236
Hagâtña, Guam 96932

Page 9 of 9

To: __INFIRMARY - DR. CHANG__

From: __Joseph Valenzuela__                                    Post/Unit __16__

---

### PART A - INMATES REQUEST

Doctor,

I am humbly requesting to be given the medication prescribed by my physician. I have a herniated slipped disc in my back and I experience allot of pain from it. As per our discussion you stated that I am **not allowed** narcotic medication (percocets) because the **Attorney General of Guam said so.** You have prescribed me Motrin (which does not help). **You have also told me to lose weight** and also **that I need to suffer sometimes.** Your reasons were, in my opinion not sound especially for the fact that my problem started **before I was incarcerated and a physician who did a thorough diagnosis including different types of scans such as X-rays and MRI's came to the conclusion that I needed a strong pain medication so I was prescribed Percocets.** So I put the burden on my family to pay for a medical examination from the original physician who has done a thorough examination. **Again the physician found that I needed Percocets.** With no disrespect to you or the Attorney General of Guam the **Executive Order 94-19 sec. 13.7(A)** states this regarding administration of medication: No one shall give medication or administer treatment with the exception of first-aid unless under the express direction or prescription of a physician. **Medications prescribed by a physician shall be administered, in the manner prescribed,** by staff personnel designated for this purpose. Also in **E.O.94-19 sec. 13.7(B)** It states: Medications which could be abused, mishandled, or otherwise subverted by inmate patients, shall be administered by medically trained personnel in a central operational unit location. So in conclusion I am once again humbly requesting that I be given the medication prescribed to me by the outside physician. Your help and understanding on this matter will be greatly appreciated. Thank You.

Inmate Signature and Date ___*6-13-08*___

---

### PART B - RESPONSE

NOTE: Response should be within 10 days

Signature of Respondent (Print Name, Rank, and Date)

---

-------------------------------- (CUT HERE) --------------------------------

### PART C - INMATES RECEIPT

Return to _____, Housing Unit _____

I acknowledge receipt of request regarding _____ for the above named

inmate. Request is dated _____.

Signature of Respondent (Print Name, Rank, and Date)

To: MAJOR F.B. CRISOSTIMO, WARDEN

From: Joseph Valenzuela                               Post/Unit ___16___

---

## PART A - INMATES REQUEST

Sir,
I have sent the following request to Dr. Chang on June 13, 2008 but have not received a reply. Now I am humbly requesting through you for relief on this matter. The information is as follows:

I am humbly requesting to be given the medication prescribed by my physician. I have a herniated slipped disc in my back and I experience allot of pain from it. As per our discussion you stated that I am **not allowed** narcotic medication **(percocets) because the Attorney General of Guam said so. You** have **prescribed me Motrin** (which does not help). **You** have also **told me to lose weight** and also **that I need to suffer sometimes.** Your reasons were, in my opinion not sound especially for the fact that my problem started before I was incarcerated and **a physician** who did **a thorough diagnosis including different types of scans such as X-rays and MRI's came to the conclusion that I needed a strong pain medication so I was prescribed Percocets.** So I put the burden on my family to pay for a medical examination from the original physician who has done a thorough examination. **Again the physician found that I needed Percocets.** With no disrespect to you or the Attorney General of Guam the **Executive Order 94-19 sec. 13.7(A)** states this regarding administration of medication: No one shall give medication or administer treatment with the exception of first-aid unless under the express direction or prescription of a physician. **Medications prescribed by a physician shall be administered, in the manner prescribed,** by staff personnel designated for this purpose. Also in **E.O.94-19 sec. 13.7(B)** It states: Medications which could be abused, mishandled, or otherwise subverted by inmate patients, shall be administered by medically trained personnel in a central operational unit location. So in conclusion I am once again humbly requesting that I be given the medication prescribed to me by the outside physician. Your help and understanding on this matter will be greatly appreciated.

# Exhibit "B"

_Joseph Valenzuela 6-24-08_
Inmate Signature and Date

---

## PART B - RESPONSE

NOTE: Response should be within 10 days

475570

**THE DOCTOR'S CLINIC**

851 Gov. Carlos Camacho Rd.
Tamuning, Guam 96911
TELEPHONE: (671) 649-5018 • 649-3218/87
EMPLOYER'S ID #98-0066220

FAMILY PRACTICE
INTERNAL MEDICINE

TDC-0

PRIMARY:

CLINIC CHART #
TIME

**PATIENT INFORMATION**

| PATIENT'S LAST NAME | FIRST | INITIAL | ACCT. # | BIRTHDATE | TODAY'S DATE |
|---|---|---|---|---|---|

MAILING ADDRESS / CITY / ZIP

HOME ADDRESS / CITY / ZIP

| SEX | EMPLOYER |
|---|---|
| FEMALE ___ MALE ✓ | |

TELEPHONE NO.
HM: 47-26(wk)

SOCIAL SECURITY NO. 54-06

INSURED'S NAME / RELATIONSHIP TO PATIENT

INSURANCE CARRIER

INS. ID NUMBER

OTHER HEALTH COVERAGE? ( )NO ( )YES IDENTIFY

**ASSIGNMENT & RELEASE:**
I request that payment of authorized benefits be made either to me or on my behalf for any service furnished me by or in The Doctor's Clinic including Physician services. I authorize any holder of medical or other information about me to release to my insurance carrier or its agents any information needed to determine these benefits or related services. I am financially responsible for all co-payments, deductibles and services not covered by my insurance.

SIGNATURE _____ DATE _____

| DESCRIPTION | CODE | MOD | FEE |
|---|---|---|---|
| **OUT PATIENT SERV-NEW PATIENT** | | | |
| Brief History & P.E. | 99201 | | |
| Limited History & P.E. | 99202 | | |
| Intermediate History & P.E. | 99203 | | |
| Extended History & P.E. | 99204 | | |
| Comprehensive History & P.E. | 99205 | | |
| **OUT PATIENT SERV-ESTAB. PT** | CODE | MOD | FEE |
| Minimal clinic visit | 99211 | | |
| Brief clinic visit | 99212 | | |
| Limited/Intermediate clinic visit | 99213 | | |
| Extended clinic visit | 99214 | | |
| Comprehensive clinic visit | 99215 | | |
| **OUT PT CONSULT-NEW or EST. PT** | CODE | MOD | FEE |
| Limited Consult | 99241 | | |
| Intermediate Consult | 99242 | | |
| Extended Consult | 99243 | | |
| Comprehensive consult | 99244 | | |
| Complex Consult | 99245 | | |
| **PREVENTIVE MED. SERV-NEW PT** | CODE | MOD | FEE |
| Initial Eval & Mgt. Infant (under 1 year) | 99381 | | |
| Early Childhood (1 through 4 years) | 99382 | | |
| Late Childhood (5 through 11 years) | 99383 | | |
| Adolescent (12 through 17 years) | 99384 | | |
| 18-39 years old | 99385 | | |
| 40-64 years old | 99386 | | |
| 65 years and over | 99387 | | |
| **PREVENTIVE MED. SERV-ESTAB PT** | CODE | MOD | FEE |
| Periodic Reeval & Mgt. Infant (undr. 1 yr) | 99391 | | |
| Early Childhood (1 through 4 years) | 99392 | | |
| Late Childhood (5 through 11 years) | 99393 | | |
| Adolescent (12 through 17 years) | 99394 | | |
| 18-39 years old | 99395 | | |
| 40-64 years old | 99396 | | |
| 65 years and over | 99397 | | |

| DESCRIPTION | CODE | MOD | FEE |
|---|---|---|---|
| **IMMUNIZATIONS** | | | |
| DT (pediatrics) | 90702 | | |
| Dtap | 90700 | | |
| HEPATITIS B (Newborn to 11 years) | 90744 | | |
| HEPATITIS B (12 to 19 years) | 90745 | | |
| HEPATITIS B (over 20 years) | 90746 | | |
| HIB | 90737 | | |
| INFLUENZA | 90724 | | |
| MMR, live | 90707 | | |
| OPV, live, oral | 90712 | | |
| PNEUMOCOCCAL | 90732 | | |
| TB, intradermal | 86580 | | |
| Td, (adult) | 90718 | | |
| TETANUS TOXOID | 90703 | | |
| TETRAMUNE (DTP & HIB) | 90720 | | |
| Therapeutic or Diagnostic Administration | 90782 | | |
| **INJECTIONS** | CODE | MOD | FEE |
| Albuterol sulfate, 0.083% per ml, inhal sol. | J7620 | | |
| Albuterol sulfate, 0.5% per ml, inhal sol. | J7625 | | |
| Ceftriaxone sodium, per 250 mg | J0696 | | |
| Heparin Lock Flush, per 10 units | J1642 | | |
| Hydroxyzine, HCL, up to 25 mg | J3410 | | |
| Lidocaine Hcl, 50 cc | J2000 | | |
| Liquid Nitrogen (Mechlorethamine HCL) | J9230 | | |
| Medroxyprogesterone acetate, 100 mg | J1050 | | |
| Meperidine HCL, per 100 mg | J2175 | | |
| Promethazine HCL, up to 50 mg | J2550 | | |
| Solu-Medrol, up to 125 mg | J2930 | | |
| Solu-Medrol, up to 40 mg | J2920 | | |
| **SUPPLIES & MATERIALS** | CODE | MOD | FEE |
| Needle & Syringe (all) | 9907_ | | |
| Surgical/Dressing Supplies | 9907_ | | |
| Tray/Suture/Vaginal supplies | 9907_ | | |
| **OTHER** | | | |

| MEDICAL PROCEDURES | CODE | MOD | F |
|---|---|---|---|
| Electrocardiogram | 93000 | | |
| Inhalation Therapy, initial | 94664 | | |
| Inhalation Therapy, subsequent | 94665 | | |
| IV Therapy, each add'l hour | 90781 | | |
| IV Therapy, up to one hour | 90780 | | |
| Spirometry | 94010 | | |
| Stress Test | 93015 | | |
| **SURGICAL PROCEDURES** | CODE | MOD | F |
| Arthrocentesis, aspiration, ganglion cyst | 20605* | | |
| Burns, initial | 16000 | | |
| Circumcision, clamp proc, NB | 54150 | | |
| Debridement, Skin | 110__ | | |
| Excision, Skin tags, up to 15 lesions | 11200* | | |
| Excision, benign lesion, except skin tag | 11400 | | |
| Excision, malignant lesion 0.5 cm or less | 11600 | | |
| I & D, complicated or multiple | 10061 | | |
| Incision & Drainage, simple | 10060* | | |
| Incision of soft tissue abs.; deep or complicated | 20005 | | |
| Incision of soft abscess, superficial | 20000* | | |
| Paring or cutting of benign hyperkeratotic lesion | 11055 | | |
| Puncture asp of abscess, hematoma, bulla or cyst | 10160* | | |
| Removal Ear Cerumen/Irrigation | 69210 | | |
| Removal F.B., Eye | 65205 | | |
| Removal F.B., Subcutaneous, simple | 10120* | | |
| Skin biopsy, single lesion | 11100 | | |
| Skin biopsy, each separate/additional lesion | 11101 | | |
| Surgical excis, other than clamp or dorsal slit | 54160 | | |
| Vasectomy, partial, uni or bilat | 55250 | | |
| OTHER | | | |

DIAGNOSIS

1. _____    2. _____

PLACE OF SERVICE ( ) OFFICE ( ) HOSP. ( ) E.R. ( ) OTHER

( ) Guam Memorial Hospital
850 Gov. Carlos Camacho Rd.
Tamuning, Guam 96911

RETURN APPOINTMENT INFORMATION:

LMS

DAYS ___ WKS. ___ MOS. ___

**TOTAL TODAY'S FEE**

CONDITION RELATED TO

DATE SYMPTOMS APPEARED, ACCIDENT OCCURRED OR PREGNANCY INCEPTION / DATE FIRST CONSULTED FOR CONDITION

DATES DISABLED
FROM ___ TO ___
HOW DID INJURY OCCUR

DOCTOR'S SIGNATURE ___ DATE ___

ACCEPTABLE ASSIGNMENT? ( ) YES ( ) NO

NEXT APPOINTMENT:
M  T  W  TH  F  S
DATE: / / TIME ___ AM/PM

| | |
|---|---|
| TOTAL TODAY'S FEE | |
| ADJUSTMENT | |
| SUBTOTAL | |
| PT. COPAYMENT - PYMT | |
| BALANCE | |
| BAL BILLED TO | |
| TOTAL DUE | |

RECEIPT #

1. COMPLETE UPPER PORTION OF THIS FORM
2. SIGN AND DATE - GIVE TO RECEPTIONIST
3. UPON COMPLETION OF VISIT, GIVE FORM TO CASHIER AND MAKE PAYMENT
   AT THAT TIME. WE WILL COMPLETE AND BILL YOUR INSURANCE CARRIER

Case 1:10-cv-00017 Document 1 Filed 07/09/10 Page 12 of 21

Printed by  Express Printing

# PHYSICIAN'S
## CURRENT PROCEDURAL TERMINOLOGY (CPT) CODES

| DIAGNOSIS | CODE | DIAGNOSIS | CODE | DIAGNOSIS | CODE | DIAGNOSIS | CODE |
|---|---|---|---|---|---|---|---|
| Acne | 706.1 | Hematuria | 599.7 | Prostatitis | 601.9 | knee bursitis | 726.60 |
| Allergic Rhinitis/Hay fever | 477.9 | Hemorrhoids | 455.6 | Radiculitis - Cervical | 723.4 | hip bursitis | 726.5 |
| Allergy Desensitization | VO7.1 | Hepatitis | 573.3 | Radiculitis - LS | 724.4 | epigastric abd/pelvic mass | 789.36 |
| Alzheimer's Disease | 331.0 | Hernia - Hiatal | 553.3 | Respiratory Distress | 786.09 | generalized abd/pelvic mass | 789.37 |
| Anemia, Unspec. | 285.9 | Hernia - Inguinal | 550.90 | Screen Skin Test - PPD | V74.1 | LLQ abd/pelvic mass | 789.34 |
| Angina Pectoris | 413.9 | Herniated Nucleus Pulposus | 722.2 | Sinusitis | 473.9 | LUQ abd/pelvic mass | 789.32 |
| Anxiety Neurosis | 300.00 | Herpes Zoster | 053.9 | Sprain -Ankle | 845.00 | periumbilical mass | 789.35 |
| ASHD (req 5th digit) | 414.0 | Hypercholesterolemia | 272.0 | Sprain Cervical | 847.0 | RLQ abd/pelvic mass | 789.33 |
| Asthma/RAD | 493.90 | Hypertension | 401.1 | Sprain - Knee | 844.9 | RUQ abd/pelvic mass | 789.31 |
| Asthma w/ Status Asmalicus | 493.91 | Hyperthyroidism (w/ 5th digit) | 242.9 | Sprain - Lumbar | 847.2 | multiple/other mass | 789.39 |
| Atrial Fibrillation | 427.31 | Hypothyroidism | 244.9 | Strep Throat | 034.0 | shoulder osteoarthritis | 715.91 |
| Attn Deficit D/O w/ Hyperactivity | 314.01 | Immuniz - DPT | V06.1 | Syncope | 780.2 | elbow/uppr arm osteoarthritis | 715.92 |
| Bleeding - Rectal | 569.3 | Immuniz - DPT/Hib, combined | V06.8 | Tendonitis - Achilles | 726.71 | wrist/forearm osteoarthritis | 715.93 |
| Blood Pressure Elev., no HTN | 796.2 | Immuniz - DT | V06.5 | Tendonitis - Knee | 726.64 | hand/fingers osteoarthritis | 715.94 |
| BPH | 600 | Immuniz - Flu | V04.8 | Tendonitis - Shoulder | 726.10 | hip/thigh osteoarthritis | 715.95 |
| Bradycardia - Sinus | 427.89 | Immuniz - Hepatitis | V05.3 | Tenosynovitis - Elbow | 727.09 | knee/lower leg osteoarthritis | 715.96 |
| Bronchitis | 490 | Immuniz - Hib | V03.81 | Tenosynovitis - Foot/Ankle | 727.06 | ankle/foot osteoarthritis | 715.97 |
| Bronchitis-Acute | 466.0 | Immuniz - MMR | V06.4 | Tenosynovitis-Hand/Wrist/Finger | 727.05 | other, excluding spine osteoar | 715.98 |
| Carpal Tunnel Syndrome | 354.0 | Immuniz - OPV | V04.0 | Thrombosis - Deep Vein, Leg | 453.8 | multiple sites osteoarthritis | 715.89 |
| Cerumen Impaction | 380.4 | ImmunoTherapy - Contact/Exp to | V01.7 | Renal Failure - w/ Hyper. | 403.91 | Pain - Abdominal (*By Site) | |
| Chlamydia | 078.88 | ImmunoTherapy - Prophylactic | V07.2 | Renal Insuf'ciency | 593.9 | epigastric | 789.06 |
| Congestive Heart Failure | 428.0 | Impetigo | 684 | Scabies | 133.0 | generalized | 789.07 |
| Conjunctivitis | 372.30 | Influenza | 487.1 | Skin Tags | 701.9 | LLQ | 789.04 |
| Constipation | 564.0 | Insomnia | 780.52 | Strain - Shoulder Blade | 840.9 | LUQ | 789.02 |
| COPD | 496 | Irritable Bowel Syndrome | 564.1 | Tinea Cruris | 110.3 | periumbilical | 789.05 |
| Costochondritis | 733.6 | Keratosis - Actinic | 702.0 | Tinea Vesicolor | 111.0 | RLQ | 789.03 |
| Cough | 786.2 | Keratosis - Seborrheic | 702.19 | Tinea Ungulum | 110.1 | RUQ | 789.01 |
| CVA | 436 | Laryngitis | 464.0 | Ulcer Disease - Peptic | 533.90 | multiple/other | 789.09 |
| Cyst-Sebaceous | 706.2 | Lymphadenitis | 289.3 | TIA | 435.9 | Pain - Joint (*By site) | |
| Cystitis | 595.9 | Lymphadenopathy | 785.6 | Tinea Corporis | 110.5 | shoulder region | 719.41 |
| Dehydration | 276.5 | Menopausal syndrome | 627.2 | Ulcer - Venous Stasis | 454.0 | elbow/upper arm | 719.42 |
| Depression, NOS | 311 | Murmur - Heart | 785.2 | URI | 465.9 | wrist/forearm | 719.43 |
| Dermatitis/Eczema | 692.9 | Nausea | 787.02 | Urticaria | 708.9 | hand/fingers | 719.44 |
| Diabetes I, ID, Uncomplicated | 250.01 | Nausea w/ Vomiting | 787.01 | UTI | 599.0 | hip/thigh | 719.45 |
| Diabetes II, NID, Uncomplicated | 250.00 | Osteoarthritis - Spine | 721.90 | Vaginal Bleeding | 623.8 | knee/lower leg | 719.46 |
| Diabetes II, NID, Uncontrolled | 250.02 | Osteoarthritis (req 5th digit) | 715.9 | Vaginitis | 616.10 | ankle/foot | 719.47 |
| Diarrhea | 787.9 | Otitis Externa | 380.10 | Vertigo/Dizziness | 780.4 | other | 719.48 |
| Edema | 782.3 | Otitis Media | 382.9 | Vomiting | 787.03 | multiple sites | 719.49 |
| Epicondylosis, lateral | 726.32 | Otitis Serous | 381.01 | Wart | 078.10 | OB/GYN CONDITION | |
| Esophagitis | 530.10 | Pain - Abdominal (req 5th digit) | 789.0 | Weakness | 780.7 | Abn. Cervical Pap Smear | 795.0 |
| Eustachian Tube Dysfunction | 381.8 | Pain - Back | 724.5 | Pharyngitis | 462 | Abnormal Mammogram | 793.8 |
| Fatigue | 780.7 | Pain- Chest | 786.50 | Pneumonia | 486 | Bleeding - Postmenopausal | 627.1 |
| Fibrocystic Breast Disease | 610.1 | Pain - Ear | 388.70 | Renal Failure - Acute | 584.9 | Cervicitis | 616.0 |
| Fibromyositis | 729.1 | Palpitations | 785.1 | Renal Failure - Chronic | 585 | Dysfunctional Uterine Bleed | 626.8 |
| Folliculitis | 704.8 | Paresthesia | 782.0 | arm, upper/forearm abs, cell | 682.3/6 | Family Planning - DepoProvera | V25.49 |
| Ganglion | 727.43 | Parkinson's Disease | 33.0 | buttock/leg abscess, cellulitis | 682.5/6 | Family Planning - OCP Maint. | V25.41 |
| Gastritis | 535.50 | PE - General (adult) | V70.0 | face abscess/cellulitis | 682.0 | Irregular Menstrual Cycle | 626.4 |
| Gastroenteritis | 558.9 | PE - Pelvic (Annual) PAP | V72.3 | foot abscess/cellulitis | 682.7 | Mass - Breast | 611.72 |
| GastroEsophageal Reflux | 530.81 | PE - School/Employment | V70.5 | neck/rnk abscess, cellulitis | 682.1/2 | Menometrorrhagia | 626.2 |
| Gout | 274.9 | PE - Well Baby | V20.2 | other | 682.8 | PID | 614.9 |
| Headache | 784.0 | PE - Adolescent | V21.2 | shoulder bursitis | 726.10 | Supervision of Normal Preg | V22.1 |
| Headache - Migraine, NOS | 346.90 | PostOp Visit - no complication | V67.0 | olecranon bursitis | 726.33 | | |

475570

**THE DOCTOR'S CLINIC**

851 Gov. Carlos Camacho Rd.
Tamuning, Guam 96911
TELEPHONE: (671) 649-5018 • 649-3218/87
EMPLOYER'S ID #98-0066220

FAMILY PRACTICE
INTERNAL MEDICINE

TDC-0

PRIMARY: Pay

CLINIC CHART #
TIME:

| PATIENT'S LAST NAME | FIRST | INITIAL | ACCT. # | BIRTHDATE | TODAY'S DATE |
|---|---|---|---|---|---|
| VALENZUELA | JOSEPH | HUGHES | | 7-31-53 | 6-10-08 |

| HOME ADDRESS | CITY | ZIP | INSURED'S NAME | RELATIONSHIP TO PATIENT |
|---|---|---|---|---|
| P.O. BOX 326094 | HAGATNA | GUAM | | |

| | CITY | ZIP | INSURANCE CARRIER |
|---|---|---|---|
| | | | SP |

| SEX | EMPLOYER | INS. ID NUMBER |
|---|---|---|
| FEMALE  MALE ✓ | | |

| TELEPHONE NO. HM: 477-2600 | SOCIAL SECURITY NO. 54-066 | OTHER HEALTH COVERAGE? ( )NO ( )YES  IDENTIFY |
|---|---|---|

**ASSIGNMENT & RELEASE:**
I request that payment of authorized benefits be made either to me or on my behalf for any service furnished me by or in The Doctor's Clinic including Physician services. I authorize any holder of medical or other information about me to release to my insurance carrier or its agents any information needed to determine these benefits for related services. I am financially responsible for all co-payments, deductibles and services not covered by my insurance.

SIGNATURE _J. Valenzuela_  DATE _____

| OUT PATIENT SERV-NEW PATIENT | CODE | MOD | FEE |
|---|---|---|---|
| Brief History & P.E. | 99201 | | |
| Limited History & P.E. | 99202 | | |
| Intermediate History & P.E. | 99203 | | |
| Extended History & P.E. | 99204 | | |
| Comprehensive History & P.E. | 99205 | | |

| OUT PATIENT SERV-ESTAB. PT. | CODE | MOD | FEE |
|---|---|---|---|
| Minimal clinic visit | 99211 | | |
| Brief clinic visit | 99212 | | |
| Limited/Intermediate clinic visit | 99213 | | |
| Extended clinic visit | 99214 | | |
| Comprehensive clinic visit | 99215 | | |

| OUT PT CONSULT-NEW or EST. PT | CODE | MOD | FEE |
|---|---|---|---|
| Limited Consult | 99241 | | |
| Intermediate Consult | 99242 | | |
| Extended Consult | 99243 | | |
| Comprehensive consult | 99244 | | |
| Complex Consult | 99245 | | |

| PREVENTIVE MED. SERV-NEW PT | CODE | MOD | FEE |
|---|---|---|---|
| Initial Eval & Mgt., Infant (under 1 year) | 99381 | | |
| Early Childhood (1 through 4 years) | 99382 | | |
| Late Childhood (5 through 11 years) | 99383 | | |
| Adolescent (12 through 17 years) | 99384 | | |
| 18-39 years old | 99385 | | |
| 40-64 years old | 99386 | | |
| 65 years and over | 99387 | | |

| PREVENTIVE MED. SERV-ESTAB PT. | CODE | MOD | FEE |
|---|---|---|---|
| Periodic Reeval & Mgt. Infant (undr. 1 yr) | 99391 | | |
| Early Childhood (1 through 4 years) | 99392 | | |
| Late Childhood (5 through 11 years) | 99393 | | |
| Adolescent (12 through 17 years) | 99394 | | |
| 18-39 years old | 99395 | | |
| 40-64 years old | 99396 | | |
| 65 years and over | 99397 | | |

| IMMUNIZATIONS | CODE | MOD | FEE |
|---|---|---|---|
| DT (pediatrics) | 90702 | | |
| Dtap | 90700 | | |
| HEPATITIS B (Newborn to 11 years) | 90744 | | |
| HEPATITIS B (12 to 19 years) | 90745 | | |
| HEPATITIS B (over 20 years) | 90746 | | |
| HIB | 90737 | | |
| INFLUENZA | 90724 | | |
| MMR, live | 90707 | | |
| OPV, live, oral | 90712 | | |
| PNEUMOCOCCAL | 90732 | | |
| TB, intradermal | 86580 | | |
| Td, (adult) | 90718 | | |
| TETANUS TOXOID | 90703 | | |
| TETRAMUNE (DTP & HIB) | 90720 | | |
| Therapeutic or Diagnostic Administration | 90782 | | |

| INJECTIONS | CODE | MOD | FEE |
|---|---|---|---|
| Albuterol sulfate, 0.083% per ml, inhal sol. | J7620 | | |
| Albuterol sulfate, 0.5% per ml, inhal sol. | J7625 | | |
| Ceftriaxone sodium, per 250 mg | J0696 | | |
| Heparin Lock Flush, per 10 units | J1642 | | |
| Hydroxyzine, HCL, up to 25 mg | J3410 | | |
| Lidocaine HCL, 50 cc | J2000 | | |
| Liquid Nitrogen (Mechlorethamine HCL) | J9230 | | |
| Medroxyprogesterone acetate, 100 mg | J1050 | | |
| Meperidine HCL, per 100 mg | J2175 | | |
| Promethazine HCL, up to 50 mg | J2550 | | |
| Solu-Medrol, up to 125 mg | J2930 | | |
| Solu-Medrol, up to 40 mg | J2920 | | |

| SUPPLIES & MATERIALS | CODE | MOD | FEE |
|---|---|---|---|
| Needle & Syringe (all) | 9907 | | |
| Surgical/Dressing Supplies | 9907 | | |
| Tray/Suture/Vaginal supplies | 9907 | | |
| OTHER | | | |

| MEDICAL PROCEDURES | CODE | MOD | F |
|---|---|---|---|
| Electrocardiogram | 93000 | | |
| Inhalation Therapy, initial | 94664 | | |
| Inhalation Therapy, subsequent | 94665 | | |
| IV Therapy, each add'l hour | 90781 | | |
| IV Therapy, up to one hour | 90780 | | |
| Spirometry | 94010 | | |
| Stress Test | 93015 | | |

| SURGICAL PROCEDURES | CODE | MOD | F |
|---|---|---|---|
| Arthrocentesis, aspiration, ganglion cyst | 20605* | | |
| Burns, initial | 16000 | | |
| Circumcision, clamp proc, NB | 54150 | | |
| Debridement, Skin | 110__ | | |
| Excision, Skin tags, up to 15 lesions | 11200* | | |
| Excision, benign lesion, except skin tag | 11400 | | |
| Excision, malignant lesion 0.5 cm or less | 11600 | | |
| I & D, complicated or multiple | 10061 | | |
| Incision & Drainage, simple | 10060* | | |
| Incision of soft tissue abs; deep or complicated | 20005 | | |
| Incision of soft abscess, superficial | 20000* | | |
| Paring or cutting of benign hyperkeratotic lesion | 11055 | | |
| Puncture asp of abscess, hematoma, bulla or cyst | 10160* | | |
| Removal Ear Cerumen/Irrigation | 69210 | | |
| Removal F.B., type | 65205 | | |
| Removal F.B., Subcutaneous, simple | 10120* | | |
| Skin biopsy, single lesion | 11100 | | |
| Skin biopsy, each separate/additional lesion | 11101 | | |
| Surgical excis, other than clamp or dorsal slit | 54160 | | |
| Vasectomy, partial, uni or bilat | 55250 | | |
| OTHER | | | |

| DIAGNOSIS | CONDITION RELATED TO | DATE SYMPTOMS APPEARED ACCIDENT OCCURRED OR PREGNANCY INCEPTION | DATE FIRST CONSULTED FOR CONDITION |
|---|---|---|---|
| HNP, L L Degenee...  libbo Pat | Dis. F | | |

| PLACE OF SERVICE ( ) OFFICE ( ) HOSP. ( ) E.R. ( ) OTHER | DATES DISABLED FROM: TO: | DOCTOR'S SIGNATURE | DATE 6.10.08 |
|---|---|---|---|
| ( ) Guam Memorial Hospital 850 Gov. Carlos Camacho Rd. Tamuning, Guam ( ) | HOW DID INJURY OCCUR: | ACCEPTABLE ASSIGNMENT? ( ) YES ( ) NO | |

| RETURN APPOINTMENT INFORMATION: | NEXT APPOINTMENT: M T W TH F S | TOTAL TODAY'S FEE | |
|---|---|---|---|
| LMS | DATE: / / TIME: AM PM | ADJUSTMENT | |
| DAYS WKS. MOS. | | SUBTOTAL | |

| | | PT COPAYMENT / PYMT | |
|---|---|---|---|
| **TOTAL TODAY'S FEE** | RECEIPT # | BALANCE | |
| 1. COMPLETE UPPER PORTION OF THIS FORM | | AMT BILLED PT | |
| 2. SIGN AND DATE - GIVE TO RECEPTIONIST | | TOTAL DUE | |

3. UPON COMPLETION OF VISIT, GIVE FORM TO CASHIER AND MAKE PAYMENT AT THAT TIME, WE WILL PROCESS IT AND BILL YOUR INSURANCE CARRIER.

Printed by: Express Printing
Tel. 653-9777

## GRIEVANCE COMPLAINT FORM

| CHAIN OF CUSTODY | | | | |
|---|---|---|---|---|
| DATE | TIME | Relinquished By | Received By | Purpose of Change of Custody |
| 1. 08.14.08 | 1950hr | JOSEPH VALENZUEL<br>Name (print)<br><br>Joseph Valenzuela<br>Signature | J. Joseph King<br>Name (Print)<br><br>Signature | Relinquished to Unit Officer to be forwarded to Director's Office. |
| 2. 08.15.08<br><br>08/15/08<br>0915 hrs | | J M Brugdier<br>Name (print)<br><br>Signature | T. King<br>Name (print)<br><br>B King<br>Signature | Be Forward To Grievance Dept for Record Purpose/Review than to Director Office. |
| 3. | | Name (print)<br><br>Signature | Name (print)<br><br>Signature | |
| 4. | | Name (print)<br><br>Signature | Name (print)<br><br>Signature | |
| 5. | | Name (print)<br><br>Signature | Name (print)<br><br>Signature | |

Note:　1.　　Grievance Complaint must be filed with the Department within fourteen (14) calender days from the date on which the basis of the complaint occurred.

　　　　2.　　Department Staff member have up to seven (7) days from receipt of the complaint, excluding weekends and holidays, to act upon the matter and provide a written response to the inmate.

# GRIEVANCE COMPLAINT FORM

NOTICE OF USE: You are advised that prior to filing a Grievance Complaint, you must attempt to informally resolve your complaint verbally or in writing (Inmate Request Form) with a DOC staff member who is responsible in the particular area of the problem. If additional space is needed please use the reverse side or additional paper that is clearly labeled. If inmate is not satisfied with initial response, then he/she may forward a copy of responded grievance up the chain of command.

Inmate Name: **VALENZUELA, JOSEPH H.**          Unit: **16 / BRAVO**          Date of Grievance: **July 7, 2008**

Select route of grievance. Grievance is routed through A or B. Circle routing letter.

| A | Chain of Command | B | Chain of Command |
|---|---|---|---|
| | 1. Platoon and/or Operations Commander | | 1. Assigned CSW or Parole Officer |
| | 2. Prison Facility Superintendent | | 2. DTSD Administrator or Chief Parole Officer |
| | 3. Director | | 3. Director |

1. Date on which the basis of this complaint occurred: **PLEASE SEE THE ATTACHED MEMO**

2. State your specific complaint: **PLEASE SEE THE ATTACHED MEMO**

3. State what resolution you expect: **PLEASE SEE THE ATTACHED MEMO**

Inmate Signature: *Joseph Valenzuela*          Receipt by Director's designee:_____
(print name, rank, and date)

Responses: All responses are to include: staff members printed resolution, name and rank, signature, and date of action.

**Platoon and/or Operations Commander, Assigned CSW, or Parole Officer:**_____

_____

_____

_____

**Prison Facility Superintendent, DTSD Administrator, or Chief Parole Officer:**_____

_____

_____

_____

**NOTE: All responses must be filed out prior to being forwarded to Director of Correction. The decision of the Director shall be final (E.O. 94-19 Section 16.3)**

Director of Corrections: (check those that apply)

_____ Prison Facility Superintendent's, DTSD Administrator's, or Chief Parole Officer's response **IS UPHELD.**

_____ Alternate Response:_____

_____

_____

_____

Director of corrections Signature and date:_____

July 7, 2008

TO:        Jose Palacios, Director

FROM:     Valenzuela, Joseph H.

SUBJECT:   Exhaustion of Remedies re: Issuance of Prescribed medication, violations of Executive Order (E.O.) 94-19 Chapter 3, E.O. 94-19 Chapter 13, and applicable standards.

REFERENCE:   Executive Order (E.O.) 94-19 Chapter 3, Chapter 13 and Chapter 16. Department of Justice Federal Standards for Prisons and Jails, December 16, 1989 (D.O.J. Standards), applicable case laws and standards.

**1. Date on which the basis of this complaint occurred:** <u>June 25, 2008</u>

**2. State your specific complaint:**

      Pursuant to E.O.94-19 Chapter 16, I respectfully grievance the department in not providing medication prescribed to me by a physician. As well as violations of Executive Orders, inmates rights, and laws.

Facts:

June 10, 2008    I was taken on a medical run to the Doctor's Clinic to see Doctor C. Perez. There I was diagnosed with a herniated slipped disc on my spine. I was prescribed the pain medication percocet to relieve my pain.

June 11, 2008    I was called to the infirmary to meet with Dr. Chang where he informed me that he will not have my prescription filled due to the fact that it is a narcotic drug.

Exhaustion of Remedies:

June 13, 2008    I sent a Administrative Remedy Request to Dr. Chang citing the E.O. 94-19 Chapter 13, §13.7(A) and §13.7(B) requesting relief. But did not receive a reply from the Doctor within 10 days.

June 24, 2008    I sent a Administrative Remedy Request to Major Francisco Crisostimo, Warden again citing the E.O. 94-19 Chapter 13, §13.7(A) and §13.7(B) requesting relief.

June 25, 2008    I was called to Major Francisco Crisostimo, Warden. There I met with him and Dr. Chang discussing the issue of my prescription.

**Grounds for relief:**

      As stated by the Supreme Court **"When the state by the affirmative exercise of its power so restrains an individuals liberty that it renders him unable to care for himself, and at the same time fails to provide fo his basic human needs - eg. foods, clothing, shelter, medical care, and reasonable safety - it transgresses the 8th amendment."** I have been suffering from back pains since before my incarceration. My physician Dr. C. Perez had X-rays and MRI's done and came to the conclusion that I had a herniated slipped disc on my back. I was prescribed the pain medication percocet for it. According to

E.O.94-19 §3.2(D) it states that I as an inmate at the Department of Corrections has **"the right to medical ... treatment,..."** **I fulfilled my "responsibility** [by] seek[ing] medical care as [I] may need it." Since I have been incarcerated I have gone to the infirmary numerous times asking Dr. Chang for relief. Without any medical tests or scans I was prescribed Motrin which did nothing for my pain. When I continued to seek relief from my pain I was told by Dr. Chang that I needed to "lose weight" and then when I continued to request for sick call he said I needed to "suffer a little sometimes". This shows deliberate indifference and disregard for the 8th Amendment, E.O. 94-19, DOJ Standards, and my person by Dr. Chang which reflects on the Department of Corrections.

I was not content with the Doctor's diagnosis being made with no medical diagnosis other than just asking me where I was hurting. So I requested for a second opinion, that request was subsequently ignored. So I had to put the burden on my family to pay for a visit with my primary physician, Dr. C. Perez, which cost nearly three hundred dollars ($300.00) this happened on June 10, 2008. There again I was prescribed the pain medication percocet. And was informed by my Doctor that whatever medication that is prescribed by a physician must be provided for by the department. This statement mirrors the **E.O. 94-19 §13.7(A)** it states there that " ... **Medications prescribed by a physician shall be administered, in the manner prescribed, by staff personnel designated for this purpose"** Likewise in the **DOJ Standards §5.46** it states that **"Inmates receive all medication in the form and at the times prescribed ..."**

On June 11, 2008 I was called to the infirmary by Dr. Chang there he informed me that he could not give me the prescribed medication due to it being a narcotic medication and that the Attorney General of Guam ordered that no narcotic medication can be given to inmates. At that time I was not aware exactly what the laws were so I did not argue his point. But after researching the E.O. 94-19 and DOJ Standards I realized that Dr. Chang had given me false information. In the **E.O. 94-19 §13.7(B)** it clearly states **"Medications that could be abused, mishandled or otherwise subverted by inmate patients, shall be administered by medically trained personnel in a central operational unit location..."** The department having an infirmary and medically trained staff members has the means to fulfill this regulation. As for the good Attorney General of Guam she does not supercede the E.O. 94-19.

After trying to verbally work with Dr. Chang and receiving this false information I wrote and submitted an Administrative Remedy Request to him asking for relief on June 13, 2008. After the 10 day period for response expired I then wrote and submitted another Administrative Remedy Request to the Warden, Major F. Crisostimo, on June 24, 2008 asking for relief on this matter.

On June 25, 2008 I was called to Warden, Major F. Crisostimo's office for a meeting about my request. The warden requested for Dr. Chang to be present at the meeting. There the warden warned Dr. Chang that not providing me with prescribed medication can lead to a lawsuit. Dr. Chang said he understood and told me that he will be sending a letter to my physician to ask him if he can change the prescription to motrin and a back brace. Dr. Chang informed me that he will personally purchase a back brace for me. I have yet to receive that back brace. And as previously mentioned I have tried taking the motrin and it did nothing for my pains.

In Estelle v Gamble - 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, the Supreme Court Ruled that "Government has obligation to provide medical care for those whom it is punishing by incarceration. U.S.C.A.Const. Amend. 8." also "Infliction of unnecessary suffering on prisoner by failure to treat his medical needs is inconsistent with contemporary standards of decency and violates the Eighth Amendment. U.S.C.A.Const. Amend. 8." and "Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by Eighth Amendment whether the indifference is manifested by prison doctors in

response to prison needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed; regardless of how evidenced deliberate indifference to prisoner's serious illness or injuries states cause of action under civil rights statute. U.S.C.A.Const. Amend. 8; 42 U.S.C.A. ° 1983."

According to E.O. 94-19 §16.1( C ) it states that the grievance "procedure assists the administration by providing an additional vehicle for internal solution of problems at the level having most direct contact with inmate. It also provides a means for continuos review of administrative decisions and policies. Further, it provides a written record in the event of subsequent judicial or administrative review. A viable administrative remedy procedure should reduce the volume of suits filed in court..."

3.     **State what resolution you expect:**

I am humbly requesting that the prescribed medication by Dr. C. Perez, percocet, after thorough diagnosis of my back problem be provided by the department for me without further delay. That the deparment acknowledge that Dr. Changs recommendation of motrin without any diagnostic tests prior to prescribing it, is not sufficient for my pain.

Joseph H. Valenzuela
Inmate Post 16 Bravo Block

7-7-08
Date

Joseph H. Valenzuela
Department of Corrections
P.O. Box 3236
Hagåtña, Guam 96932
April 27, 2009

Clerk of the Court
District Court of Guam
520 West Soledad Avenue
Hagåtña, Guam 96910


Dear Sir or Ma'am:

I am an inmate at the Guam Department of Corrections and I respectfully request your assistance with the filing of my legal documents. Please find enclosed one (1) original and two (3) copies of the following documents for filing with the District Court:

- CIVIL COMPLAINT
- MOTION FOR APPOINTMENT OF COUNSEL
- MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL
- APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT
- CONSENT TO THE RELEASE OF TRUST ACCOUNT INFORMATION AND TO COLLECT FEES FROM TRUST ACCOUNT
- SUMMONSES FOR EACH DEFENDANT

I respectfully request that you send one stamped, filed copy of each document back to me. I sincerely hope that everything is in order. Your time, consideration, and assistance are greatly appreciated.

Si Yu'os Ma'ase'.

Sincerely,

Joseph H. Valenzuela

Joseph H. Valenzuela

7-3-10

**RECEIVED**

JUL 0 9 2010

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

RECEIVED

JUL 09 2010

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

Clerk of the Court
District Court of Guam
520 West Soledad Avenue
Hagåtña, Guam 96910

Joseph H. Valenzuela
c/o Department of Corrections
P.O. Box 3236
Hagåtña, Guam 96932

PRIVILEGED
CONFIDENTIAL
LEGAL CORRESPONDENCE