DISTRICT COURT OF GUAM

| | |
|---|---|
| JOSEPH H. VALENZUELA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOSE B. PALACIOS, Director of Guam Department of Corrections; DR. YOUNG CHANG, Physician of Guam Department of Corrections,<br><br>  Defendants. | Civil Case No. No. 10-00017<br><br>**ORDER RE: APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL, AND MOTION FOR APPOINTMENT OF COUNSEL** |

This matter comes before the court on the Application to Proceed without Prepayment of Fees, Motion for Service of Process by United States Marshals and Motion for Appointment of Counsel, filed by the Plaintiff Joseph H. Valenzuela on July 9, 2010. *See* Docket Nos. 2, 3, and 4.

**A.   Request to proceed without prepayment of fees**

The Plaintiff is an inmate confined at the Guam Department of Corrections ("DOC"). *See* Docket No. 1. The court has reviewed Plaintiff's application and affidavit, which indicates that he is not employed at DOC, does not receive any payment from DOC, and has no cash, checking or savings accounts. *See* Docket No. 4. Furthermore, the Plaintiff has not received any money from any source in the last twelve months. *See id.*

The court finds that the Plaintiff has sufficiently shown that he is unable to pay the fees required to maintain this action. Therefore, the Application to Proceed Without Prepayment of Fees is hereby **GRANTED.**

**B.  Request for service by U.S. Marshals Service**

The Plaintiff has requested that service of the summons and complaint be effected by the U.S. Marshals Service. *See* Docket No. 3. The Ninth Circuit has held that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Based on this court's finding that the Plaintiff is qualified to proceed in forma pauperis, he therefore "is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Id.* Accordingly, the Motion is hereby **GRANTED.**

**C.  Motion for appointment of counsel**

The Plaintiff requests that the court appoint counsel to assist him in this case. *See* Docket No. 2. He contends that the issues in the case are complex and will require investigation that cannot be undertaken while he is in DOC custody. *See id.* He further contends, *inter alia*, that the DOC Law Library lacks legal materials and that he has limited knowledge of the law, and that counsel would be able to explain to him the legal principles and limit litigation to meritorious claims. *See id.*

28 U.S.C. § 1915 (e)(1) provides for the appointment of counsel, and states: "The court may request an attorney to represent any person unable to afford counsel." However, an appointment pursuant to this provision is discretionary. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez.*, 560 F.3d 965, 970 (9th Cir. 2009). An appointment of counsel in a civil case requires a court to find that "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).[1] "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of

---

[1] The Ninth Circuit in *Terrell* interpreted § 1915(d), which was in effect at the time of the case. At the time, this provision stated: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Page 2 of  4

these factors is dispositive and both must be viewed together before reaching a decision on request of counsel . . . ." *Id.*

### 1. Likelihood of success on the merits

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging that the defendants' failure to provide him with medical treatment amounted to deliberate indifference and violated his constitutional rights. "An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Plaintiff complains of chronic back pain, and contends that he should have been given the "pain medications such as morphine sulfate, Dilaudids or Percocet, which are controlled substances" which had been prescribed by his private doctor before he was incarcerated. Docket No. 1. The Plaintiff objects to the course of treatment followed by Defendant Chang, which consisted of a prescription for Motrin and advice that the Plaintiff lose weight and tolerate the pain. *See* Docket No. 1. He further alleges that Defendant Chang did not conduct any examinations or tests, other than to ask about the location of the pain. *See id.* The Plaintiff asserts his request for a second opinion was denied, and on June 10, 2008, his family paid for the cost of seeing his private doctor. *See id.* The doctor again prescribed Percocet for the Plaintiff, but advised him that DOC would have to provide the medication. *See id.* The following day, Defendant Chang told the Plaintiff "that he would not be filling the prescription for Percocet due to the fact that it is a narcotic drug." Docket No. 1.

The Plaintiff's argument that Motrin is insufficient, and that he requires morphine medication is simply a disagreement as to treatment. "A difference of opinion" between medical professionals as to the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Based on the foregoing analysis, there is a minimal chance of success on the merits, which weighs against the appointment of counsel.

**2. Complexity of the issues**

The second factor requires evaluation of the Plaintiff's ability to articulate his claims in light of the complexity of the issues raised. The Plaintiff contends that he needs an attorney to assist him, as he has a limited knowledge of the law, DOC does not provide inmates with legal assistance from those trained in the law, and the DOC Law Library lacks legal materials. Moreover, he argues that appointed counsel would give him "representation equally qualified with the professional counsel provided by the Government of Guam for the defendants." Docket No. 2. Finally, he argues that "the ends of justice would be served" if counsel were appointed in this case. *See id.*

Contrary to the Plaintiff's contention, the issues in this case are not complex. Quite simply, he challenges the treatment for his chronic back pain. He contends that Defendant Chang "would only prescribe plaintiff with Motrin which was not strong enough to alleviate the pain that plaintiff was experiencing." Docket No. 1. Furthermore, the record in the case, including Plaintiff's pro se court documents and the exhibits as to his requests submitted to DOC, reveal that he is able to articulate his arguments, which also weighs against the appointment of counsel.

**3. Conclusion**

The court concludes that there is minimal likelihood of success on the merits, and the Plaintiff has the ability to articulate his claims pro se in light of the complexity of the legal issues involved. Accordingly, the court finds that the Plaintiff has not demonstrated exceptional circumstances to warrant the appointment of counsel pursuant to § 1915(e)(1). Therefore, his Motion for Appointment of Counsel is **DENIED.**

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
 Chief Judge
Dated: Sep 10, 2010